IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERARD LAYANI, *et al.*,
    *Plaintiffs*,

v.

ISAAC OUAZANA, *et al.*,
    *Defendants*

Action No. 20-cv-420-SAG

**ORDER**

    The parties appeared on June 11, 2024, for a hearing on various discovery disputes. This order sets forth the parties' obligations with respect to completing fact discovery. For the reasons set forth at the hearing, and for the additional reasons to be set forth in a forthcoming memorandum opinion (with respect to matters that were taken under advisement at the hearing), it is hereby ORDERED as follows:

    1.    As ordered at the hearing, the parties are to proceed promptly with fact depositions (discovery and *de bene esse*), which shall be completed by July 11, 2024. Unless otherwise agreed, (1) depositions shall proceed virtually; (2) discovery depositions shall precede *de bene esse* depositions; (3) discovery and *de bene esse* depositions for any given witness shall proceed on the same day; (4) the depositions may proceed with multiple depositions scheduled on a given day, but the depositions collectively may proceed over multiple days, scheduled based on the parties' respective (non-binding) estimates of the anticipated length of their respective examinations; and (5) the costs for the depositions shall be borne by the noticing attorney for any given deposition (*e.g.*, if Plaintiffs notice a *de bene esse* deposition of a Plaintiff or witness, Plaintiffs shall bear the cost for that deposition, including cross examination; if Defendants notice a discovery deposition, Defendants shall bear the cost for that deposition, including any

cross examination). Depositions shall proceed without respect to the disputes regarding interrogatories; neither side may claim a failure to have served or received interrogatory answers as a basis to postpone, or fail to appear for, or refuse to answer questions at, a deposition.

2. With respect to *which* of Defendants' interrogatories Plaintiffs must answer—as to which the parties dispute both (a) whether sub-parts constitute separate interrogatories for purposes of the 25-interrogatory limit in Rule 33, and (b) whether Defendants are each entitled to separate sets of 25 interrogatories—Plaintiffs must answer Interrogatories 1–7, 17, 19, 20, and 22, including each subpart of those interrogatories, and must do so no later than June 27, 2024. This includes the Kayak and Krauzs plaintiffs, who as of the hearing had entirely failed to serve answers to any interrogatories, a failure for which Plaintiffs offered no justification.

3. Plaintiffs' obligation to answer the interrogatories listed in ¶ 2 means Plaintiffs must actually answer each of those subparts—that is, they "must furnish information that is available to [them] and that can be given without undue labor and expense." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 357 (D. Md. 2012) (quoting 8B Charles Alan Wright *et al.*, Fed. Prac. & Proc. Civ. § 2174 (3d ed. 2012)).

4. Defendants' motions for sanctions, ECF Nos. 169, 173, are DENIED. They are denied as moot insofar as they sought an order compelling Plaintiffs' production of documents; and insofar as they request monetary sanctions, they are denied for the reasons to be set forth in the forthcoming memorandum opinion.

Date:   June 19, 2024                             _____/s/_____
                                                  Adam B. Abelson
                                                  United States Magistrate Judge