IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERARD LAYANI, *et al.*,
    *Plaintiffs*,

v.

ISAAC OUAZANA, *et al.*,
    *Defendants*

Action No. 20-cv-420-SAG

**MEMORANDUM OPINION**

This case arises from claims by Plaintiffs[1] that their investments in certain real properties in the Baltimore area were the product of fraud. *See* ECF No. 42. They have sued Defendants[2] for damages and injunctive relief. *See id.*; *see also Layani v. Ouazana*, 2022 WL 294286, ECF No. 58 (D. Md. Feb. 1, 2022); *Layani v. Ouazana*, 2021 WL 805405, ECF No. 38 (D. Md. March 3, 2021). The parties appeared on June 11, 2024, for a hearing on various discovery disputes, including the sequence, schedule, length, and cost allocation of fact discovery. The rulings on these disputes have been memorialized by written order dated June 20, 2024. ECF No. 188.

A significant point of disagreement at the June 11 hearing, however, involved interrogatories. Specifically, the parties disputed (1) which of Defendants' interrogatories Plaintiffs must answer, and (2) whether Plaintiffs' delay in producing documents and/or in

---

[1] Gerard Layani, Britt Investment Baltimore, LLC, Yehuda Ragones, RDNA Investments, LLC, Kandy, LLC, Henya Karniel, Yonason S. Keyak, Devora A. Keyak, 4802 Frankford Ave, LLC, Yosef Keyak, and Issac Krausz.

[2] Isaac Ouazana and Benjamin Ouazana, along with those defendants' companies, I&B Capital Investments LLC, WAZ-Brothers, LLC, WAZ Investments, LLC, WAZ-Management, LLC, and yet unidentified parties "John and Jane Doe(s) and John Doe Entities" (collectively "Defendants")

1

answering interrogatories merits monetary sanctions. As set forth in the June 20 order, Plaintiffs must respond to Interrogatories 1–7, 17, 19, 20, and 22, and Defendants' motions for sanctions are denied. This memorandum opinion explains the Court's reasoning on those two issues.

I. **Defendants' Interrogatories**

On September 11, 2023, Defendants served 39 interrogatories on Plaintiffs. ECF No. 185-1. Plaintiffs refused to respond, and only began serving answers to Defendants' interrogatories on June 10, 2024. ECF No. 185-3 at 5. Even as of the Court's most recent discovery hearing, two sets of plaintiffs—the Kayak and Krauzs plaintiffs—had still entirely failed to serve answers to any interrogatories, a failure for which Plaintiffs offered no justification but which Plaintiffs' counsel represented would be cured promptly. In response to Plaintiffs' objection that Defendants had exceeded the 25-interrogatory limit set forth in Federal Rule 33, Defendants withdrew their interrogatories above #23 before the hearing. But Plaintiffs still refused to answer interrogatories beyond #5, contending that those interrogatories and sub-parts total the maximum that Defendants may serve under the rule. The parties also dispute whether the interrogatory limit under Rule 33 applies to Defendants individually or collectively. Finally, Defendants contend that even as to the interrogatories that Plaintiffs purported to answer, Plaintiffs have not discharged their obligation to actually "answer[] . . . fully" those interrogatories. *See* Fed. R. Civ. P. 33(b)(3).

For the following reasons, the Court ordered that Plaintiffs respond to Interrogatories 1–7, 17, 19, 20, and 22. ECF No. 188.

A. **Interrogatory Subparts**

Federal Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Plaintiffs

contend that each of Defendants' interrogatories, and separately each sub-part, should count toward the limit, and on these grounds have refused to answer interrogatories beyond the first five, which each contains an introductory question, followed by four sub-parts. For example, Interrogatory No. 1 incorporates Defendants' Request for Admission No. 1, and reads as follows:

> **REQUEST FOR ADMISSION NO. 1**
>
> Plaintiff has no evidence that any acts or omissions of any of the Defendants caused or contributed to the Plaintiff sustaining any damages.
>
> **INTERROGATORY NO. 1**
>
> If Plaintiff's response, in whole or in part, to the foregoing Request for Admission is other than an unqualified admission, state in full each and every reason for Plaintiff's response, and (1) describe in detail all facts supporting Plaintiff's response; (2) identify any and all documents supporting Plaintiff's response or answer to the subparts of this interrogatory; (3) identify any and all persons with knowledge supporting Plaintiff's response; and (4) if Plaintiff's response is based on a lack of sufficient information to admit or deny, describe Plaintiff's efforts to obtain information responsive to this Request.

*See* ECF No. 185-1 at 2. Plaintiffs contend that that interrogatory, and the various others structured like it, should be counted as five interrogatories for purposes of the 25-interrogatory limit.

To determine whether interrogatory sub-parts should count as multiple interrogatories, courts generally look to whether the subparts are "directed at eliciting details concerning the common theme" or instead whether they "inquir[e] into discrete areas." *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 572–73 (D. Md. 2010). Put differently, "most courts have followed what is sometimes referred to as the 'related question approach,'" meaning they look to whether subparts are "logically or factually subsumed within and necessarily related to the primary question." *Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 194-97 (E.D.

Tex. 2016); *see also Mezu*, 269 F.R.D. at 573 (describing the inquiry as generally turning on whether "the first question is primary and subsequent questions are secondary to the primary question") (quoting *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685-86 (D. Nev. 1997)). For example, the Federal Rules Advisory Committee explained that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the times, place, persons present, and contents be stated separately for each such communication." *Notes of Advisory Committee on Rules—1993 Amendment*. In contrast, in the *Kendall* case, one example of "independent questions being improperly combined into one interrogatory" was the following: "Identify fully the minimum qualifications for an employee to be hired onto 'freight,' including, but not limited to, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated." 174 F.R.D. at 686. The *Kendall* court held that, in that example,

> [T]he first question asks for a description of qualifications. The second question asks for a description of documents. The first question can be answered fully and completely without answering the second question. The second question is totally independent of the first and not "factually subsumed within and necessarily related to the primary question."

*Id.* (citation omitted).

The Court finds the distinctions drawn by those courts persuasive in the context of this case and these interrogatories. The "pragmatic approach" reflected in those cases balances the "competing purposes of Rule 33(a)(1): allowing reasonable latitude in formulating an inquiry to elicit as complete an answer as possible, while at the same time not allowing the multiplication of interrogatories to the point that it defeats the purposes underlying the 25-interrogatory limit." *Erfindergemeinschaft Uropep GbR*, 315 F.R.D. at 196-97.

Applying the principles reflected in *Mezu*, *Kendall*, and the Advisory Committee Notes, the Court finds that Defendants' interrogatories 1 through 7, which are set forth in full at ECF No. 185-1, each comprise four independent interrogatories, namely the four sub-parts. The introductory language ("If Plaintiff's response, in whole or in part, to the foregoing Request for Admission is other than an unqualified admission, state in full each and every reason for Plaintiff's response") and the first subpart ("describe in detail all facts supporting Plaintiff's response") are not independent, and thus the Court rejects Plaintiffs' contention that each of those interrogatories constitutes five separate interrogatories. Accordingly, each Plaintiff must respond at least to interrogatories 1 through 6, and the first subpart of interrogatory 7.

B.    The 25-Interrogatory Limit: Per "Side" Or Per "Party"?

But resolving which sub-parts comprise separate interrogatories does not fully resolve the dispute over which interrogatories Plaintiffs must answer, because Defendants contend that even if the sub-parts of their interrogatories must be separately counted for purposes of the 25-interrogatory limit, each of the six defendants is entitled to a set of interrogatories, and thus Defendants are collectively permitted a total of 150 interrogatories.

Courts and commentators have taken different approaches to interpreting Rule 33's limit on the number of interrogatories where there are multiple parties on a particular "side" of a litigation. Three potential constructions have emerged. The first provides that because Rule 33 permits "a party" to serve "no more than 25 written interrogatories," the total interrogatories permitted by one "side" equals the number of parties multiplied by 25, which here would total 150. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass 2003). In support of that approach, it has been noted that the 1993 amendments to the Federal Rules addressed, among other things, limitations on both depositions

and interrogatories, and whereas Rule 30 limited each *side* ("by the plaintiffs, or by the defendants, or by the third-party defendants") to ten depositions, *see* Fed. R. Civ. P. 30(a)(2)(A)(i), Rule 33 limited each "party" to 25 interrogatories. Fed. R. Civ. P. 33(a)(1).

The second approach, which one commentator has called the "alternate construction," David S. Yoo, *Rule 33(a)'s Interrogatory Limitation: by Party or by Side?*, 75 U. Chi. L. Rev. 911, 916 (2008), construes Rule 33 to count the 25-interrogatory limit as a "per side" limitation. Under this approach, "nominally separate parties should be considered one party for purposes of the 25-interrogatory limitation." 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.). *See also, e.g.*, *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (calling a per-side construction of Rule 33 a "more sensible approach" and noting that if the per-party interpretation were applied literally in that case, where there were 200 individual plaintiffs, "the plaintiffs would be entitled to propound more than 5,000 interrogatories").

But there is also a third approach, reflecting a middle ground between the first two. Under this interpretation of Rule 33, the answer to whether the 25-interrogatory limit applies to each side or each party boils down to "it depends"—as informed by the Federal Rules' focus on relevance and proportionality. Those central concepts are articulated principally in Rule 26(b)(1), which provides that discovery extends to

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). The concept of proportionality also is articulated in Rule 26(b)(2)(C), which provides that the "frequency or extent of discovery" should *not* extend to where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other

6

source that is more convenient, less burdensome, or less expensive" or "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii).

As applied to the per-party vs. per-side interrogatory number-cap debate, those principles counsel that courts should be "guided by the [Rules'] proportionality considerations," with due regard to factors such as "whether there is some articulable reason for the need to send more interrogatories," 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.), as well as whether particular interrogatories are "unreasonably cumulative or duplicative," whether the information sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive," and whether the party seeking leave to propound (or demand answers to) more than 25 interrogatories "has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). Other relevant factors include whether the propounding parties are represented by common counsel or separate counsel, *see, e.g.*, *Stiles v. Walmart*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan. 17, 2020) ("Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories."), as well as whether the propounding parties are aligned or share a common interest, or instead have sufficiently distinct involvement or roles in the events at issue that separate sets of interrogatories, or some number greater than 25 for their side, are justified and appropriate. *See e.g.*, *Skinner v. Liller*, No. CV TDC-17-3262, 2023 WL 8520240, at *3 (D. Md. Dec. 8, 2023) (authorizing 177 interrogatories upon finding that the "Individual Defendants performed different roles and/or exercised different responsibilities," and counsel "crafted the

interrogatories based on her review of the Amended Complaint with each Individual Defendant and his/her roles and duties in mind.").

Here, some of those factors counsel in favor of permitting Defendants to propound more than 25 total interrogatories: Plaintiffs chose to sue multiple defendants; Plaintiffs were dilatory in producing documents, and in answering interrogatories; the case involves numerous transactions; and the parties on both sides have repeatedly professed a lack of understanding of the facts the other side relies on for their claims and defenses, such that there is value in Plaintiffs being compelled to spend time answering interrogatories in writing rather than Defendants being constrained to learning information through documents and depositions.

Other factors counsel in favor of a per-side limit. Defendants are represented by common counsel, and have not proffered any unique interests among them to justify additional sets of interrogatories. Moreover, here, as in *Zito*, "[t]he defendants have, in essence, divided the issues in this case into numerous subparts and then demanded that each plaintiff identify witnesses and documents relevant to each separate subpart." 233 F.R.D. at 399. And many of those interrogatories are cumulative or duplicative. For example, Interrogatory 5 seeks facts supporting Plaintiffs' contention that they "sustained . . . damages due to the negligence of any Defendant." ECF No. 185-1 at 3. Interrogatory 6 is identical in that it seeks information about damages allegedly suffered by Plaintiffs, except that it seeks facts supporting Plaintiffs' contention that they sustained damages "due to the Common Law Fraud of any Defendant"—and down the line. Interrogatories 7, 8, 9, 10, 11, 12, 13 and 14 are also all damages-focused contention interrogatories, differing only in the cause of action to which Plaintiffs' alleged damages are attributed. Other interrogatories are similarly cumulative or duplicative. *See, e.g.*, Interrogatories 15 & 19; 16 & 22. And interrogatory 18 is not intelligible as it does not have a corresponding

request for admission. *Id.* at 8. Moreover, here, also as in *Zito*, Plaintiffs "have disclosed the names of potential witnesses" as far as they know now, *see* 233 F.R.D. at 399, and are under an ongoing obligation to supplement that information. *See* Fed. R. Civ. P. 26(e). And Plaintiffs state that they have produced all responsive documents in their possession, custody and control, and Defendants will imminently be deposing Plaintiffs and their other witnesses.

For these reasons, the Court need not decide whether a per-party or per-side construction of Rule 33 is correct because regardless, courts deciding the appropriate scope of discovery for a particular case are "to be guided by the proportionality considerations now contained in Rule 26(b)(2)(C)," including "whether there is some articulable reason for the need to send more interrogatories" than the default 25-interrogatory limit. 8B Fed. Prac. & Proc. Civ. § 2168.1 (3d ed.); *see also, e.g., Adlerstein v. United States Customs & Border Prot.*, 342 F.R.D. 269, 272–74 (D. Ariz. 2022) (adopting the "per-party" approach, but then permitting Plaintiffs to propound more than 25 interrogatories, in light of the discovery needs of the case). Having closely reviewed Defendants' interrogatories in the context of those relevance and proportionality considerations, the Court concludes that Plaintiffs shall answer Defendants' Interrogatories 1–7, 17, 19, 20, and 22, including each subpart of those interrogatories.

### C. The Adequacy of Plaintiffs' Interrogatory Answers

Finally, Defendants contend that insofar as Plaintiffs have served responses (to interrogatories 1 through 5), those interrogatory answers are incomplete. For example, each of those interrogatories, and several of the additional interrogatories the Court has now found Plaintiffs shall answer, request not only a statement of "all facts" for why the Defendant denies the corresponding request for admission, but also request that Plaintiffs "(2) identify any and all documents supporting Plaintiff's response or answer to the subparts of this interrogatory; (3)

identify any and all persons with knowledge supporting Plaintiff's response; and (4) if Plaintiff's response is based on a lack of sufficient information to admit or deny, describe Plaintiff's efforts to obtain information responsive to this Request." *E.g.*, ECF No. 185-1 at 3.

"A party responding to an interrogatory 'must furnish information that is available to it and that can be given without undue labor and expense.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 357 (D. Md. 2012) (quoting 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2174 (3d ed. 2012)). "Put differently, a party must 'provide relevant facts reasonably available to it but should not be required to enter upon independent research in order to acquire information merely to answer interrogatories.'" *Id.* (quoting 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2174 (3d ed. 2012)). Here, at least as of the hearing, Plaintiffs had entirely failed to respond to sub-parts (2), (3) and (4) of those interrogatories. At the hearing, Plaintiffs' counsel suggested that their failure to respond to those sub-sections is justified because there may be *additional* information responsive to those sub-parts that depositions or other discovery might reveal. To the extent Plaintiffs possess information responsive to those sub-parts, they must respond to them to the best their present knowledge and information permits—and then if they learn additional information to render their responses incomplete, they must supplement those responses as required by Rule 26(e).

**II.     Sanctions**

Where a party has filed a motion to compel and it has been granted, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must *not* order this payment if: (i) the movant filed the motion before attempting

in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* (emphasis added). For purposes of Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Defendants filed two motions for sanctions, ECF Nos. 169, 173, both premised on Plaintiffs' failure to produce documents. That failure was not remedied until June 6, 2024, following this Court's entry of a discovery confidentiality order. *See* ECF Nos. 178, 179. Plaintiffs should have produced documents sooner, and the request for an order permitting confidentiality designations should have been made sooner. Nonetheless, the Court finds that Defendants' motions were filed prematurely and Plaintiffs' (belated) request to delay production until entry of a protective order was at least partially justified. Accordingly, Defendants' request for sanctions in connection with Plaintiffs' document productions is denied.

Date:   June 28, 2024                             /s/
                                                  Adam B. Abelson
                                                  United States Magistrate Judge