IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Gerard Layani, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Case No. 1:20-cv-420-SAG |
| | * | |
| **Isaac Ouazana, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Plaintiffs Gerard Layani, Britt Investment Baltimore LLC, Yehuda Ragones, RDNA Investments, LLC, Kandy, LLC, Henya Karniel, Yonason S. Keyak, Devora A. Keyak, 4802 Frankford Ave, LLC, Yosef Keyak, and Issac Krausz (collectively, Plaintiffs) are individuals and their wholly owned entities who invested in various real estate properties with Defendants Isaac Ouazana, Benjamin Ouazana, I&B Capital Investments LLC, WAZ-Brothers, LLC, WAZ-Investments, LLC, and WAZ-Management, LLC (collectively, Defendants). Plaintiffs have filed a Motion to Substitute Party and Suggestion of Death of Plaintiff Henya Karniel, ECF 201. Defendants have opposed the motion, ECF 196, and Plaintiffs have filed a reply, ECF 202. This Court has reviewed the filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Plaintiffs' motion will be DENIED.

I. **RELEVANT BACKGROUND**

Plaintiffs filed this case as a putative class action on February 19, 2020, alleging that Defendants engaged in a wide-ranging scheme to defraud investors via the sale and management of various properties in Baltimore City, in violation of the Racketeer Influenced and Corrupt Organizations Act and Maryland state law. ECF 1. On January 25, 2024, Plaintiffs moved to certify

the class and notified the Court in their accompanying memorandum that one of the named Plaintiffs, Henya Karniel, had passed away. ECF 127 at 7. On April 17, 2024, this Court denied the motion to certify class and issued an amended scheduling order setting forth a post-class certification discovery deadline of July 16, 2024. ECF 146, 148.

On June 27, 2024, Plaintiffs filed a "Suggestion of Death Upon the Record Under Rule 25(a)(1) of Henya Karniel and Motion for Substitution of Party," informing the Court that in light of Ms. Karniel's death, "Naava Glass has been appointed administratrix of the estate of Henya Karniel." ECF 189 at 1. On July 4, 2024, Plaintiffs filed a corrected motion amending the name of the administratrix of the decedent's estate to "Nava Gelis." ECF 201 at 1. Both the original and corrected motions contain seven purportedly translated letters of administration[1] from seven individuals appointing "Naava Glass," to "be the inheritor and attorney to represent me and argue on my behalf against all claims made by the Wazana Brothers, including all claims and counterclaims made by either party." ECF 189-1. With these letters, Plaintiffs contend that Nava Gelis "has been duly appointed as the administratrix of Plaintiff Karniel's estate for the express purpose of pursuing Plaintiff Karniel's claims against the Ouazana Defendants." ECF 202 at 3–4.

Defendants have opposed the motion on the grounds that: (1) the letters of administration fail to authorize Plaintiffs' counsel, Mr. Zouaoui, to file a motion for substitution; (2) the motion for substitution is untimely; and (3) Defendants would be "severely prejudiced" by the substitution with the upcoming fact discovery deadline of July 16, 2024. *See* ECF 196.

---

[1] The record contains no information about the translator and whether that individual is court certified, leaving this Court no way of verifying the accuracy of the translations.

## II. LEGAL STANDARD

Rule 25(a) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." FED. R. CIV. P. 25(a)(1). The motion for substitution "may be made by any party or by the decedent's successor or representative," and must be made "within 90 days after service of a statement noting the death." *Id.* "The Fourth Circuit requires personal service of the suggestion of death on a deceased party's successor or representative," even when the personal representative knows of the party's death. *State Farm Life Ins. Co. v. Eckert*, Civ. No. DKC 18-3078, 2019 WL 4060015, at *2 (D. Md. Aug. 28, 2019) (footnote omitted). The substitution of a party under Rule 25(a)(1) is within the sound discretion of the trial court. *See, e.g.*, *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985).

## III. DISCUSSION

For two independent reasons, this Court finds that Plaintiffs' motion to substitute is deficient under Rule 25(a)(1).

### A. The Record Is Insufficiently Clear that Nava Gelis Is the Proper Party to Be Substituted

The first issue with Plaintiffs' motion is that this Court cannot discern whether Nava Gelis is the proper party to be substituted. "The executor, administrator, or distributor of the deceased estate is the only party who may properly qualify as personal [or legal] representative unless the assets of the estate have been distributed; then the proper party would be the successor of the estate." *John Alden Life Ins. Co. v. Wright*, 838 F.2d 466 (Table), 1988 WL 6815, at *1 (4th Cir. 1988) (per curiam); *see* 7C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1956 (3d ed. 2024) ("Although the rule speaks only to the substitution of the proper party . . . it is clear from its history . . . that it applies only to the

substitution of legal representatives." (internal quotation marks omitted) (quoting *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952))). "The mere fact that the person seeking substitution is related to the deceased is insufficient to establish that the person is the legal representative." *Wright*, 1988 WL 6815, at *1.

The Court is unaware of any Fourth Circuit precedent establishing the procedure of how one becomes a legal representative under Rule 25(a)(1) and has looked to other jurisdictions and analogous contexts for guidance. From this careful review, the Court finds that some court-ordered designation or other legal document, such as a will appointing an individual as the administrator of the decedent's estate, would satisfy Rule 25(a)(1).[2] *See, e.g.*, *Briggs v. Walker*, 171 U.S. 466, 471 (1898) ("The primary and ordinary meaning of the words . . . 'legal representatives,' or 'personal representatives,' when there is nothing in the context to control their meaning, is 'executors or administrators,' they being the representatives constituted by the proper court." (citation omitted)); *Calton v. Zapata Lexington*, 811 F.2d 919, 921 (5th Cir. 1987) ("The Supreme Court has held that a 'personal representative' is the court-approved executor or administrator of the decedent's estate." (citing *Briggs*, 171 U.S. at 472–73)); *Alcabasa v. Korean Air Lines Co.*, 62 F.3d 404, 407 (D.C. Cir. 1995) (explaining that under a wrongful death statute, a "personal representative" is "a court-appointed executor or administrator of an estate, not merely an heir" (citing *Briggs*, 171 U.S. at 471)); *Gronowicz v. Leonard*, 109 F.R.D. 624, 625–26 (S.D.N.Y. 1986) (holding that a surviving spouse, who was named in deceased plaintiff's will as sole heir and executrix, should be appointed as executrix prior to being substituted for decedent as plaintiff).

---

[2] These are just two examples of what would suffice based on the Court's review of the relevant case law. The Court is unfamiliar with Israeli law and therefore leaves open the possibility that other documents may show that Ms. Gelis has been legally appointed as the legal representative of the decedent's estate.

Here, Plaintiffs have not satisfied this Court that Ms. Gelis is the legal representative of the decedent or that she is the successor of the estate. The seven letters of administration are uncertified and unauthenticated copies of letters from seven individuals and their English translations that purport to give property interests to Ms. Gelis and authorize her to act on behalf of claims involving Defendants. *See* ECF 189-1; *Marcano v. Offshore Venezuela*, 497 F. Supp. 204, 208 (E.D. La. 1980) (rejecting uncertified and unauthenticated copies of Venezuelan statutes as providing adequate support that a proposed plaintiff was the proper party). This Court does not read those letters as adequately supporting the notion that Ms. Gelis has been "duly and unanimously authorized by" "all heirs," ECF 201 at 1, to be the administratrix of the decedent's estate, especially where the record suggests that decedent had more than seven children, *see* ECF 196-1 at 4. The record also lacks any indication of whether the estate of the deceased has been distributed at the time the motion for substitution was made. *Gronowicz*, 109 F.R.D. at 626; *Wright*, 1988 WL 6815, at *1. Accordingly, Plaintiffs have made an insufficient showing that Ms. Gelis is a proper party to be substituted under Rule 25(a)(1).

### B. Lack of Personal Service and Evidence that Nava Gelis Intends to Pursue the Claims or that Plaintiffs' Counsel Has Authority to File the Motion for Substitution

Even assuming that Nava Gelis is the proper party, there is no indication that Ms. Gelis intends to pursue the claims on behalf of the decedent's estate or that Plaintiffs' counsel, Mr. Zouaoui, has authority to file the motion on her behalf. Rule 25(a) states that a "motion for substitution may be made by any party or by the decedent's successor or representative" and "together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." FED. R. CIV. P. 25(a)(1), (3). The Fourth Circuit has interpreted this rule to require that if a personal representative has been appointed following the death of a party, "the suggestion of death must be personally served on that representative." *Fariss v.*

5

*Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir. 1985); *accord State Farm Life Ins. Co. v. Eckert*, Civ. No. DKC 18-3078, 2019 WL 4060015, at *2 (D. Md. Aug. 28, 2019). This requirement "seeks to 'assure the parties to the action and other concerned persons of notice of death so that they may take appropriate action to make substitution for the deceased party.'" *Fariss*, 769 F.2d at 962 (quoting 3B J. MOORE & J. KENNEDY, MOORE'S FEDERAL PRACTICE ¶ 25.06 [2.-1] (2d ed. 1982)). "Absent personal service, there is no reason to presume that the successor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement," and "[t]he administratrix may well . . . be represented by different counsel." *Id.*; *see also Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008) (noting that the rule "protects the nonparty from finding himself . . . in a situation in which a lawyer for someone else (the decedent) has thrust him into a case that he would rather not be in, or at least not as the client of this lawyer").

There is no indication here that Ms. Gelis was personally served with the suggestion of death of Ms. Karniel. In the Court's view, this renders it fatally unclear whether Ms. Gelis desires to preserve any claims against Defendants on behalf of the decedent's estate, whether she is aware of the substitution requirement, and whether she seeks to be represented by Mr. Zouaoui or different counsel. *See Fariss*, 769 F.2d at 962. Although the Court credits Mr. Zouaoui's assertion that he is not acting "on his own initiative or for his own account," the Court cannot simply take his word for it without evidence that Ms. Gelis has been duly notified of this lawsuit, intends to pursue the claims on behalf of the decedent's estate, and has retained Mr. Zouaoui to represent her. *See id.* ("Because the attorney is neither a party, nor a legal successor representative of the estate, he has no authority to move for substitution under Rule 25(a)(1)."); *Atkins*, 547 F.3d at 873–74 (explaining that even where plaintiff's widow "obviously . . . knew that her husband had died and there is no suggestion that in seeking to substitute her for her husband . . . [the attorney] was

acting without her authorization," the widow was still a nonparty who must be served with the suggestion of death).[3] When Plaintiffs' counsel became notified of Ms. Karniel's death, he should have filed a suggestion of death with the Court and personally served it on Ms. Gelis. Because the record lacks any evidence that this occurred, the Court must deny the motion to substitute party.

## IV.   CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Substitute Party and Suggestion of Death of Plaintiff Henya Karniel, ECF 201, is DENIED. A separate Order follows.

Dated: July 12, 2024

/s/
Stephanie A. Gallagher
United States District Judge

---

[3] Because this Court is unaware of whether Ms. Gelis was personally served, it defers consideration of whether the motion for substitution was timely filed within the 90-day period set forth in Rule 25(a)(1). *See Fariss*, 769 F.2d at 962 ("Because [substituted plaintiff] was never personally served, the 90-day substitution period never began . . . .").