IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GERARD LAYANI, et al.,
    *Plaintiffs*,

v.

ISAAC OUAZANA, et al.,
    *Defendants*

Action No. 20-cv-420-SAG

### MEMORANDUM OPINION AND ORDER ON MOTION FOR SANCTIONS FOR ALLEGED DEPOSITION MISCONDUCT

Following the fact depositions in this case, Defendants filed a motion, styled as a motion for sanctions, to challenge, among other things, "speaking objections of Mr. Zouaoui [Plaintiffs' counsel], as well as his improper instructions not to answer questions if Mr. Zouaoui felt that the question was not 'relevant', or if there was a question about a public record that had not been previously bates-stamped." ECF No. 213 at 2. At first, Defendants sought rulings by filing hundreds of pages of deposition transcripts with scattered handwritten notes, arrows, or underlines. *See* ECF No. 213-3, 213-4, 213-9, 213-10, 213-11. Following the latest hearing held on the parties' many discovery disputes, the Court ordered that Defendants "identify particular lines of questioning they contend were improperly cut off by Plaintiffs' instructions to witnesses not to answer, and as to which Defendants seek leave for supplemental fact depositions." ECF No. 223 ¶ 13. Defendants supplemented their motion. ECF No. 226 ("Supplement"). They also re-filed the deposition transcripts at issue under seal. ECF No. 216. Plaintiffs have responded to

1

the motion. ECF No. 235.[1] The Court has reviewed the objections and instructions not to answer identified in Defendants' Supplement. No further hearing is necessary. *See* Loc. R. 105.6.

As an initial matter, the Court notes that it has not been asked to rule, and does not rule, on the substance of Plaintiffs' objections that were not accompanied by instructions not to answer. Insofar as Defendants seek admission of deposition testimony as to which Plaintiffs objected on relevance or other grounds, those are evidentiary matters to be raised (in a timely manner and consistent with applicable procedures) before Judge Gallagher. Instead, the questions presented by the present motion (ECF No. 213 & 216, supplemented by ECF No. 226, and responded to at ECF No. 235) are (1) whether Plaintiffs' counsel improperly instructed witnesses not to answer, and if so whether Defendants are entitled to testimony on those subjects, and (2) whether Plaintiffs' counsel engaged in improper speaking objections, and if so whether sanctions should be ordered.

## **Instructions not to answer**

Under Federal Rule of Civil Procedure 30, "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(3), in turn, applies where a deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3)(A). Where a defending attorney makes an oral motion pursuant to this rule during a deposition, "the deposition must be suspended for the time necessary to obtain an order." *Id*. This Court's Discovery Guideline 6(d) further provides as follows:

---

[1] Plaintiffs moved for leave to exceed the ordinary page limit, "[t]o adequately address the motion numerous' accusations and each of the over 140 instances of alleged speaking objections cited by Defendants." ECF No. 236 ¶ 2. That motion was granted. ECF No. 237.

> It is presumptively improper to instruct a witness not to answer a question during the taking of a deposition unless under the circumstances permitted by Fed. R. Civ. P. 30(c)(2). However, it is also presumptively improper to ask questions clearly beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1), particularly of a personal nature, and continuing to do so after objection shall be evidence that the deposition is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, which is prohibited by Fed. R. Civ. P. 30(d)(3).

D. Md. Loc. R., App. A: *Discovery Guidelines of the United States District Court for the District of Maryland*, Guideline 6(d).

Defendants have identified four instances where Plaintiffs' counsel made instructions to one of their witnesses, Mr. Ragones, that the witness followed and that Defendants contend were improper. The instructions not to answer were not based on assertion of a privilege, but instead were in the nature of a Rule 30(d)(3) objection. Accordingly, Defendants' motion challenging Plaintiffs' instructions requires the Court to determine whether the questioning that prompted the instructions constituted unreasonable annoyance, embarrassment or oppression of the deponents. The four instances were as follows:

1. Ragones Dep. 50:1-17 (ECF No. 216-1 at 16) – Question: "As part of your wholesale business, did you ever have bank accounts located in China?" *See also* Ragones Dep. 54:5-9 (ECF No. 216-1 at 17) (Plaintiffs' counsel: "I am telling you that if you persist with this line of absolutely irrelevant questioning about bank accounts in China, we need to get the judge on the line, and I do not intend to indulge your misconduct anymore").

2. Ragones Dep. 197:17-199:7 (ECF No. 216-1 at 53)– Question: "And the four people pictured on the screens, do they all have an ownership interest in Capital Oceans?" *See also id.* 198:13-14 (contending that the answer to that question would bear on Mr. Ragones' "expertise").

3. Ragones Dep. 199:2-11 (ECF No. 216-1 at 53) – Question: "What are you in the business of doing, Mr. Ragones?"

4. Ragones Dep. 206:5-207:17 (ECF No. 216-1 at 55) – Plaintiffs' counsel instructing witness not to answer questions about "documents that are not Bates stamped."

In addition, there was at least one other instance where Plaintiffs' counsel initially made an instruction not to answer, but then the witness proceeded to respond. *See* Ragones Dep. 62:8-63:17 (ECF No. 216-1 at 19) (initially instructing witness not to respond to "What is the nature of ST Management's business"). But Defendants have not articulated the relevance of that information, and Plaintiffs have not explained why asking that question constituted oppression. In another instance, Plaintiffs' counsel instructed the witness not to respond to the question, "Sir, did you ever live at 4800 Frederick Avenue, in Baltimore." *See id.* 75:14-81:18 (ECF No. 216-1 at 22-23). The witness refused to respond, but stated that he had previously answered that question in court in another case, and did not suggest that his answer had changed or would change. *Id.*

Based on the instructions not to answer set forth above, together with other alleged discovery violations, Defendants seek discovery sanctions, including dismissal. The Court has previously addressed the issues other than those related to the depositions. As to Plaintiffs' counsel's instructions to Mr. Ragones not to answer, the Court concludes that Defendants' questioning at times crossed the line into annoyance or oppression, but by the same token Plaintiffs' counsel overstepped by instructing witnesses not to answer on relevance grounds. For example, an exhibit not being Bates numbered—an exhibit the Court understands in this circumstance was a printout from a website that was not within Plaintiffs' discovery requests or that Defendants did not otherwise have an obligation to produce—is not a basis to have instructed Mr. Ragones not to answer. In any event, having reviewed the deposition transcripts in the aggregate, and in light of the balancing approach to discovery set forth in Rule 26, the Court concludes that these instructions not to answer did not unfairly impede Defendants from seeking discovery about matters relevant to the claims and defenses in this case. The Court will not

require Mr. Ragones to sit for another deposition, and Defendants also have not shown that the instructions not to answer merit sanctions.

Defendants also point to various instances where Plaintiffs' counsel stated objections such as "Objection. Relevance. He can answer if he wants." *See, e.g., id.* 10:7-8 (ECF 216-1 at 6). That instruction was improper; absent an instruction not to answer, a witness is generally required to provide the requested information. But it appears the witness did in fact go on to answer those questions. Counsel are admonished that a relevance objection at deposition is made for the record; a witness may only be instructed not to answer "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)," *see* Fed. R. Civ. P. 30(c)(2).

### Alleged speaking objections

Under the Federal Rules, an objection during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). This Court's Discovery Guideline 6 further states as follows:

> Objections should be stated as simply, concisely, and non-argumentatively as possible to avoid coaching or making suggestions to the deponent, and to minimize interruptions in the questioning of the deponent (for example: "objection, leading;" "objection, asked and answered;" "objection, compound question;" "objection, form"). If an attorney desires to make an objection for the record during the taking of a deposition that reasonably could have the effect of coaching or suggesting to the deponent how to answer, then the deponent, at the request of any of the attorneys present, or, at the request of a party if unrepresented by an attorney, should be excused from the deposition during the making of the objection.

D. Md. Loc. R., App. A: *Discovery Guidelines of the United States District Court for the District of Maryland*, Guideline 6(b).

Defendants point to numerous objections they contend crossed the line to being "argumentative" or "suggestive," in violation of Rule 30(c)(2). The Court has reviewed those objections. Some of Plaintiffs' counsel's objections may have indeed been argumentative or suggestive, and some of them were made in response to inquiries that were at least arguably within the scope of discovery. *See, e.g.*, Ragones Dep. 75:14-84:1 (ECF No. 216-1 at 22-24). But many of them were made in response to Defendants' counsel straying into areas as to which Defendants have not shown any conceivable relevance. *See, e.g., id.* 21:16-22:24:8 (ECF No. 216-1 at 8) (demanding that Plaintiff Ragones provide his "Israel identification number"); *id.* 39:12 (ECF No. 216-1 at 13)) (asking for Plaintiff Ragones' "treating cardiologist"). And some of the objections were made when it became apparent that one of the defendants, Benjamin Ouazana, was in the room with Defendants' counsel, and during questioning as to which Plaintiffs were asserting that the information (including related to personal health information of Mr. Ragones) was highly confidential and should be deemed attorneys'-eyes-only. *See, e.g., id.* 15:10-14 (ECF No. 216-1 at 7). Accordingly, the Court will deny (or, insofar as dispositive relief is requested, will recommend to deny) Defendants' request for sanctions on the basis of alleged speaking objections.

## Conclusion

For the foregoing reasons, it is hereby ORDERED as follows:

1. As to Defendants' "Motion to Dismiss for Deposition Misconduct and Failure to Comply with Rules 30, 33, 34, Local Rule 104 and this Court's Discovery Guidelines and with this Hon[or]able Court's Discovery Orders" (ECF No. 213),

    a. The motion is DENIED insofar as it seeks non-dispositive relief and,

      b.      Insofar as it seeks dispositive relief in the form of dismissal, I RECOMMEND that the Court deny Defendants' request for dismissal as a discovery sanction.

2.      Defendants' "Motion for Leave to File Exhibits in Support of Defendants' Motion for Sanctions for Deposition Misconduct" (ECF No. 226) is GRANTED; and

3.      Plaintiff's request to extend the deadline to respond to Defendants' motion, ECF No. 234, is GRANTED *nunc pro tunc*.


Date:   September 5, 2024                                                           /s/
                                                                             Adam B. Abelson
                                                                             United States Magistrate Judge