IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **GERARD LAYANI, et al.,** | * |
|  | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: SAG-20-420 |
|  | * |
| **ISAAC OUZANA, et al.,** *et al.*, | * |
|  | * |
| Defendants. | * |

# MEMORANDUM OPINION

In this long-enduring dispute over Baltimore rental and investment properties, Plaintiffs Gerard Layani, Yehuda Ragones, Isaac Krausz, Yonnason Keyak, Devora Keyak, Yosef Keyak, RDNA Investments LLC, Kandy, LLC, 4802 Frankford Ave., LLC, and Britt Investment Baltimore (collectively, "Plaintiffs") allege that Defendants Benjamin Ouazana, Isaac Ouazana, I&B Capital Investments LLC, WAZ Brothers LLC, WAZ-Investments, LLC, and WAZ-Management LLC (collectively, "Defendants") engaged in a wide-ranging scheme to defraud investors via the sale and management of various properties in Baltimore City. Both parties now seek summary judgment. ECF 245, 247. Each party opposed the other's motion, ECF 262, 263, and filed a reply in support of its own, ECF 267, 268.

As a preliminary matter, the parties in this case have not adhered to this Court's Local Rules, this Court's express admonitions, the Federal Rules of Civil Procedure, or standard litigation practice in preparing their summary judgment motions. The parties did not comply with this Court's Local Rule regarding the filing of cross-motions for summary judgment, which is designed to streamline the Court's decision-making process. Loc. R. 105.2(c) (D. Md. 2023).

Plaintiffs have also submitted a reply brief ten pages longer than this Court's fifteen-page limit without seeking leave to file excess pages. *See* Loc. R. 105.3. Defendants' motion for summary judgment includes portions obviously copied from motions in other cases, with party names and claims unedited to conform to the facts of this case, and multiple non-matching fonts. This flies in the face of the Court's previous admonition to Defense counsel to exercise far greater caution in using language from other sources, and in particular to ensure that this Court does not waste time reviewing material not pertinent to this proceeding.

Ordinarily, to comply with the letter and spirit of Federal Rule of Civil Procedure 56, summary judgment briefs include detailed statements of fact supported by citations to the evidentiary record. The briefs then separately outline the elements of each claim on which they are seeking relief, and apply the law to the facts. By doing so, a party can effectively argue that there is no genuine issue of material fact as to whether the elements of a particular claim have been met, and that judgment as a matter of law is appropriate. Neither party in this case has followed standard practice. Neither party has included a traditional statement of facts, and neither has used record citations to support its factual averments. *See* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) *citing to particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). Plaintiffs make repeated assertions that facts are undisputed without any record citations, and base all of their legal arguments on those unsupported assertions. Defendants insist broadly that all of Plaintiffs' claims are meritless without even

naming the claims or discussing their respective legal elements, much less making particularized factual arguments. "The responsibility to comb through the record in search of facts relevant to summary judgment falls on the parties—not the court." *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017); *id* at 324 (Rule 56 "require[s] parties to cite all evidence in support of their positions at summary judgment, thus permitting a district court to limit its review to such cited materials"); *Arvon v. Liberty Mutual Fire Ins. Co.*, 2021 WL 3401258, at *3 (4th Cir. Aug. 4, 2021) (district court did not err by declining to consider facts within summary judgment record, but not cited in briefing).

The deficient briefing in this case has frustrated this Court's ability to conduct a standard summary judgment analysis. Accordingly, no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). Because neither party has come close to demonstrating that the material facts in this case are undisputed or that judgment as a matter of law is appropriate, both motions for summary judgment must be denied.

## I. PROCEDURAL HISTORY[1]

Plaintiffs filed this lawsuit in 2020, alleging that Defendants defrauded them in the course of real estate dealings in the 2010s. Plaintiffs filed the Second Amended Complaint in 2022. ECF 59. Defendants filed a counterclaim against Plaintiffs Kandy LLC and Yehuda Ragones in late 2022. ECF 96. Thirteen counts remain, although this Court has excluded some of the at-issue properties in resolving Defendants' motion to dismiss the Second Amended Complaint, ECF 91,

---

[1] The Court omits the "Facts" section that ordinarily accompanies a summary-judgment opinion because the briefing does not provide record citations sufficient for it to construct one without Herculean effort. *See Carlson*, 856 F.3d at 325.

92. Plaintiffs unsuccessfully sought class certification in early 2024. ECF 128, 129, 146. After a multitude of intervening sanctions motions, both parties now seek summary judgment.

## II.  LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of showing that there is no genuine dispute of material fact. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find in its favor. *Id.* at 348 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986)). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Id.* at 349 (quoting *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999)).

Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. *Id.* at 352. The non-moving party "must produce competent evidence on each element of [its] claim." *Id.* at 348–49 (quoting *Miskin*, 107 F. Supp. 2d at 671). If the non-moving party fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case

4

"necessarily renders all other facts immaterial." *Id.* at 352 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) (unpublished)). In ruling on a motion for summary judgment, a court must view all the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Where, as here, the movant seeks summary judgment on an affirmative defense like the statute of limitations, "it must conclusively establish all essential elements of [the] defense." *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299 (4th Cir.2012) (citing *Celotex*, 477 U.S. at 331).

Where, as here, the parties have filed cross-motions for summary judgment, the court considers "each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Kantsevoy v. LumenR LLC*, No. ELH-17-359, 2019 WL 1441982, at *6 (D. Md. Apr. 1, 2019) (citations omitted). If the court finds that there is a genuine issue of material fact, both motions must be denied; but the court will render judgment if there is no genuine issue of material fact and "one or the other party is entitled to prevail as a matter of law." *Id.* (citation omitted).

### III. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  1. *Statute of Limitations*

Defendants first argue that claims related to Mr. Krausz, the Keyaks, and Mr. Ragones are time barred. RICO has a four-year statute of limitations, *see Agency Holding Corp. v. Malley Duff & Assoc., Inc.*, 483 U.S. 143, 156–57 (1987), and Plaintiffs' state-law claims have a three-year limitations period, *see* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Both the Fourth Circuit (when deciding RICO claims) and Maryland courts apply the "injury discovery rule," which dictates that

5

the limitations period begins to run from "the time the plaintiff discovers, or through the exercise of due diligence, should have discovered, the injury." *Frederick Rd. L.P. v. Brown & Sturm*, 360 Md. 76, 95–96 (2000); *see also Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc.*, 262 F.3d 260, 266 (4th Cir. 2001). A party is on "inquiry notice," meaning it should have discovered the injury, when it has "knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry … with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Windesheim v. Larocca*, 443 Md. 312, 327 (2015) (citation omitted); *see also Caviness v. DeRand Res. Corp.*, 983 F.2d 1295, 1303 (4th Cir. 1993).

As to Mr. Krausz, Defendants argue that all of his claims are time-barred because he purchased the properties at issue in 2016 and became dissatisfied with the Defendants' management of those properties in 2017. This Court rejected Defendants' statute of limitations argument as to Mr. Krausz as premature in 2022. *See* ECF 91 at 11 n.3. Although Defendants have more information now about Mr. Krausz's purchases of the properties at issue in this case, they have not explained when they believe Mr. Krausz was on notice, or when the statute of limitations began running. Instead, Defendants devote significant time to discussing Mr. Krausz's attempts to redeem one of the relevant properties in 2021 or 2022, when he discovered the property was being sold at a tax sale. ECF 245-3 at 7. Defendants otherwise merely recite various facts relating to Mr. Krausz's purchases of the at-issue property without explaining why those facts put him on notice. The best Defendants have is that Krausz "became dissatisfied" with Defendants "in 2017." This case was filed in early 2020, meaning that inquiry notice in much of 2017 would render the claim timely. Defendants do not specify when in 2017 Krausz "became dissatisfied." Regardless, this Court is skeptical of the legal significance of "becoming dissatisfied" and its relevance to "inquiry notice."

As to the Keyaks, Defendants briefly mention that "the three properties were purchased in 2015 and 2016, with the Keyaks becoming dissatisfied with their purchases shortly after the properties were purchased." *Id.* at 15. Defendants provide no record citations to support their theory that the Keyaks were dissatisfied "shortly after" they purchased their properties. Moreover, the case Defendants rely on, *Turner v. Smalis, Inc.*, 622 F. Supp 248 (D. Md. 1985), is of little relevance because it discusses the application of the discovery rule in defective products cases. To the extent that it articulates the ordinary discovery rule, Defendants have not taken the extra step of applying that rule to the facts of this case to explain when the Keyaks were on inquiry notice. There is simply not enough evidence to conclude that the Keyaks' claims are time-barred.

Finally, Defendant argues that Mr. Ragones's claims stemming from 4415 Pall Mall Road and 2802 Harford Road are barred because Mr. Ragones sold those properties in August and May of 2016, respectively. ECF 245-3 at 17; ECF 245-20. To start, his claims are obviously timely under RICO's four-year limitations period. But regardless, Defendant has not explained why Mr. Ragones should have known of his injury upon the sale of those properties. Without a specific factual argument to support Defendants' theory that Mr. Ragones knew or should have known of his injury at the time of the sale, this Court cannot conclude that his claims are untimely.

Because Defendants have failed to demonstrate the absence of a genuine dispute as to whether any of these claims are time-barred, nor have they shown that judgment as a matter of law is appropriate, summary judgment is inappropriate on this ground.

2. *Mandatory Arbitration*

Defendants next argue that Mr. Krausz's and the Keyaks' claims should be dismissed because they are subject to mandatory arbitration. It is undisputed that both Mr. Krause and the Keyaks signed contracts including mandatory arbitration clauses that required the parties to resolve

any disputes through a rabbinical court. Plaintiffs have clarified that at least one Plaintiff, Mr. Ragones, first pursued his claims in rabbinical court, but Defendants did not appear, which resulted in a finding of contempt in that court. ECF 262 at 7–8; ECF 262-3. While it is not apparent to this Court whether the other Plaintiffs participated in the rabbinical arbitration, nor is the resolution of that arbitration clear from the record,[2] this Court has sufficient information to conclude that arbitration was attempted, and that attempt was unsuccessful. But more significantly, Defendants' five-year participation in this federal lawsuit is inconsistent with their current attempt to compel arbitration. As the Supreme Court clarified in *Morgan v. Sundance*, ordinary waiver rules apply to arbitration; that is, the question is whether the waiving party's conduct amounted to "the intentional relinquishment or abandonment of a known right." 596 U.S. 411, 417 (2022). Defendants have actively participated in this litigation for nearly five years and have made no attempt to compel arbitration until now. This is far different from *SZY Holdings, LLC v. Garcia*, where the Fourth Circuit found a defendant had not waived arbitration, despite a nine-month delay in formally seeking to compel it, because the defendant "consistently requested arbitration before formally moving to compel it." 2024 WL 3983944, at *3 (4th Cir. Aug. 29, 2024). Defendants make no suggestion that they were unaware of the contracts they signed, and have provided no justification for their delay in seeking to compel arbitration. They made no mention of arbitration during the first four years of this lawsuit. Moreover, Defendants' participation in a failed arbitration prior to this litigation belies any argument that they were unaware of the arbitration provision. Accordingly, this Court finds that Defendants have waited far too long and waived any right to arbitration through their years-long participation in this case.

---

[2] Defendant argues that the arbitration with Mr. Ragones did not proceed because Mr. Ragones refused to appear. ECF 268 at 5.

### 3. *Defendants' Merits Arguments*

Defendants' arguments as to the merits of Plaintiffs' specific claims focus exclusively on generalized statements about the Plaintiffs' lack of personal knowledge of Defendants' alleged wrongdoing or lack of evidence of damages. But Defendants have not explained which of Plaintiffs' claims should fall based on those evidentiary deficiencies, nor have they identified the elements of the claims at issue. Defendants cannot prevail by merely gesturing toward a generalized lack of evidence without making specific arguments as to why Plaintiffs' claims fail as a matter of law.

In their opposition, Plaintiffs have adduced some evidence of damages (also untethered to any particular count) for each category of Plaintiffs. ECF 262 at 2–6. But perhaps more importantly, Plaintiffs clarified that six of the thirteen claims at issue here do not even have a damages element. *Id.* at 6–7.

In their reply, Defendants do not provide any more particularized argument, and only repeat their refrain that Plaintiffs lack admissible evidence of damages. ECF 268 at 5. In keeping with prior practice, Defendants provide no rationale as to why the evidence Plaintiffs adduced is inadmissible, and make no reference to any particular claim or its elements.

Because Defendants' motion contains neither factual nor legal argument sufficient for this Court to ascertain whether summary judgment is appropriate on any particular count, Defendants' motion must be denied. Moreover, the parties' disagreement on damages evidence makes clear that there remains at least a genuine dispute of material fact about whether the Plaintiffs suffered damages.

## IV. PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT

   *1. Fraud (Count Five)*

Under Maryland law, to prevail on a fraud claim, a Plaintiff must show that there is no genuine dispute of material fact as to whether "(1) the defendant made a false representation to the plaintiff; (2) the defendant knew the representation was false or made it with reckless indifference to the truth; (3) the representation had the purpose of defrauding the plaintiff; (4) the plaintiff had the right to rely on the statement and did; and (5) the plaintiff was damaged by the misrepresentation." *Maryland Environmental Trust v. Gaynor*, 370 Md. 89, 97 (2002).

In arguing that summary judgment on this count is appropriate, Plaintiffs rely on their assertion—without any citation—that "there is no genuine dispute that defendants actively concealed information about their handling of plaintiffs' funds and defendants' management of Plaintiffs' properties, both prior to the filing of this action and during discovery." ECF 247 at 17. Plaintiffs' primary argument is that because Defendants did not produce a number of business documents, they must have concealed those documents. But Defendants offered rationales for not having at least some of the documents—for example, Defendants did not maintain rental records for properties they stopped managing years before. ECF 263 ¶ 3.

Plaintiffs provide no example of information that was concealed and then later discovered, nor any specific misrepresentation or omission. They do not even explain what about Defendants' management of the properties they supposedly concealed. Plaintiffs cannot prevail on summary judgment by merely asserting that there is no genuine issue of material fact; rather, they must actually demonstrate that the facts of this case entitle them to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Plaintiffs' assertions that facts are undisputed (without any citations to

10

support those assertions) do not make them so, and Plaintiffs have failed to show that judgment as a matter of law is appropriate on this count.

   2. *Constructive Fraud (Count Six)*

Plaintiffs argue that summary judgment is also appropriate on their constructive fraud claim. Under Maryland law, "a defendant commits constructive fraud against a plaintiff where the defendant breaches a legal or equitable duty to the plaintiff in a way that tends to deceive others, to violate a public or private confidence, or to injure public interests." *Thompson v. UBS Fin. Servs., Inc.*, 443 Md. 47, 69–70 (2015) (cleaned up). Constructive fraud requires a "fiduciary or confidential" relationship. *Id.* Plaintiffs are right that they had the kind of fiduciary relationship with Defendants that serves as a prerequisite for a constructive fraud claim. But when tasked with demonstrating that Defendants breached a legal or equitable duty, they again resort to unsupported assertions that facts are "undisputed." *See, e.g.*, ECF 247 at 24. It is obviously disputed in this lawsuit whether Defendants engaged in concealment and misrepresentation. Plaintiffs cannot prevail on this claim at this stage without offering evidentiary support for their claims. Because there remains a genuine dispute of material fact here, summary judgment must be denied.

   3. *Breach of Contract (Counts Eight and Nine)*

To prevail on their breach of contract claims, Plaintiffs must show that there is no genuine dispute of material fact as to whether (1) a valid contract existed; and (2) Defendants breached that obligation. *See RRC Northeast, LLC v. BAA Maryland, Inc.*, 413 Md. 638, 655 (2010).

As to count eight, Plaintiffs provide no information beyond the allegations in the Second Amended Complaint. They have identified no actual facts. There is no basis to grant summary judgment on this count.

As to count nine, which pertains only to Mr. Ragones, Plaintiffs similarly fail to provide any evidentiary support for their claims. Although Plaintiffs allege that Defendants committed a whole host of bad acts during their contractual relationship with Mr. Ragones, they neither provide record citations to support that those acts occurred nor explain what contractual provisions the acts supposedly breached. The only fact cited in the entire section, indeed, is a deed showing that the Ouazanas conveyed one of the at-issue properties in 2016. ECF 247 at 20. It is also unclear what the briefly mentioned Baltimore City Circuit Court case has to do with the breach of a contract between Defendants and Mr. Ragones. Here, too, Plaintiffs have failed to demonstrate the absence of a dispute of material fact as to whether the Ouazanas breached their contract with Mr. Ragones.

4. *Conversion (Count Ten)*

Plaintiffs next contend that there is no genuine dispute that Defendants converted their property. Plaintiffs assert, without citation, that it is undisputed that the Defendants refused to account for the funds and properties they were supposed to be managing on Plaintiffs' behalf, and therefore converted them. Plaintiffs provide no record citations at all, nor do they explain their factual basis for believing that Defendants converted their property. Accordingly, summary judgment must be denied.

5. *Breach of Fiduciary Duty (Count Twelve)*

Next, Plaintiffs argue that there is no genuine dispute as to whether the Defendants breached fiduciary duties owed to Plaintiffs. Although Plaintiffs are right this time that all parties agree a fiduciary relationship existed at some point, when attempting to show that the duty was breached, they again resort to insisting that material facts are "a matter of record" without providing any supporting citations. ECF 247 at 26. And while this section does include some specific factual citations, it is unclear to the Court how those documents are related to any possible

breach of fiduciary duty. For example, Plaintiffs repeat their previous statements about the supposedly missing records, and suggest (without a basis from the cited exhibit) that Itamar Shaked had evidence of payments to one of the Keyaks. *Id.* at 27. Shaked did not testify that he had the records; he testified that he thought he might. *Id.* Regardless, Plaintiffs do not explain how missing rental receipts as to one Plaintiff—the sole piece of missing evidence they have any testimony about—amounts to a breach of fiduciary duty. It is not enough that they claim a property management company *should* have had a laundry list of records. *Id.* at 26. Finally, Plaintiffs provide no evidentiary support for their claim that they were harmed. Plaintiffs have essentially only provided their own unsupported assertions about the legal import of facts that may or may not be supported in the record. This Court does not have sufficient evidence to conclude that there is no genuine dispute here. Summary judgment is not appropriate on this claim.

6. *Accounting (Count Thirteen)*

Finally, Plaintiffs argue that they are entitled to summary judgment on their equitable claim for an accounting. Plaintiffs once again call their factual assertions and legal conclusions "matters of record," but do not explain the basis for their belief that legal remedies are inadequate and an accounting is warranted. It is certainly possible that an accounting could be appropriate, but Plaintiffs have not shown that there are no genuine disputes of material fact as to its applicability, so this Court cannot grant judgment as a matter of law.

7. *Motion to Appoint a Receiver*

Although it is not a distinct claim, Plaintiffs also ask this Court to appoint a receiver to prevent the Defendants from dissipating their assets. Everyone agrees that one of the organizational defendants in this case dissolved in 2022. ECF 247-8 (WAZ-Investments LLC Articles of Cancellation). Plaintiffs argue that they were not given sufficient notice, and as such

13

the Defendants concealed the dissolution from them. ECF 247 at 14.[3] Defendants clarify that the Maryland statute Plaintiffs rely on did not require them to notify potential "claimants" but rather only creditors. ECF 263 at 3; Md. Code Ann, Corps & Assoc, § 4A-909(5). Plaintiffs were never creditors of WAZ-Investments. There is no evidence of any concealment or misconduct by the Defendants relating to the dissolution of WAZ-Investments. Accordingly, there is no need to appoint a receiver.

V.  CONCLUSION

For the reasons stated above, both parties' motions for summary judgment must be denied. A separate Order follows. Chambers will schedule a teleconference to set a trial date. Counsel are ordered to meet and confer, in person or by video conference, on or before December 19, 2024, to agree on the length of the jury trial and the claims that the parties intend to proceed on at trial.

Dated: December 12, 2024                        /s/
                                     Stephanie A. Gallagher
                                     United States District Judge

---

[3] Plaintiffs also argue that this alone is sufficient for this Court to grant summary judgment on Counts Five, Six, Twelve, and Thirteen. It is unclear to the Court how one supposed concealment (which there is no evidence of) that occurred two years after this lawsuit was filed and does not relate to Plaintiffs' substantive claims would satisfy any of the elements of any of those claims. Indeed, Plaintiffs' fixation on conduct that occurred during this litigation instead of the acts alleged in their complaint has made it even more difficult to parse the nature of Plaintiffs' claims and the evidence that Plaintiffs believes supports them.