UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
MDD_SAGchambers@mdd.uscourts.gov

June 18, 2025

**LETTER ORDER**

     RE:    <u>Layani, et al v. Ouazana, et al</u>
                  Civil Case No. SAG-20-0420

Dear Counsel:

     This Court has reviewed the parties' Joint Pretrial Order, ECF 281, and some of the attachments. A few issues require prompt clarification:

1) On page 10 of the Joint Pretrial Order, Plaintiffs raise several issues with respect to witnesses who might be unavailable to testify in person at trial. As this Court has made abundantly clear throughout this litigation, remote testimony is not a possibility during an in-court proceeding. This Court advised the parties on numerous occasions that if a witness would not be able to present in-person testimony, their testimony would have to be presented by way of a deposition pursuant to Fed. R. Civ. P. 32(a)(4). Obviously, time is running short before the commencement of the trial, so Plaintiffs should take immediate steps to ensure they will be able to present testimony from all of the relevant witnesses. This Court cannot accommodate remote testimony at trial under any circumstances as a matter of standard Court policy.

2) Plaintiffs intend to request default and default judgment against two apparently defunct defendants, WAZ-Investments, LLC and L&B Capital Investments, LLC. It is unclear whether those entities retain any assets that might allow such judgments to be collected. Defendants should advise, on or before June 25, 2025, their position with respect to those two entities.

3) Plaintiffs state that they intend to designate portions of depositions for at least two, and possibly up to seven, witnesses, but state that "Deposition pages and lines are too numerous to be listed separately." That is unacceptable. Plaintiffs must designate, by pages and lines, the portions of the depositions they intend to introduce, whether they are numerous or not. And, as this Court has repeatedly advised the parties, to the extent that any party intends to present its deposition designations by way of video testimony, the designated portions must be appropriately edited to remove objections and extraneous testimony that should not be presented to the jury. That process will

1

be time-consuming and should be started immediately.

This Court will hold an initial Pretrial Conference on **July 3, 2025 at 9:30 am** in Courtroom 7C. The proceeding should be expected to last most of the day, as this Court wishes to engage in a comprehensive discussion of how the myriad issues in this case will be presented to the jury in a manner that will allow the jury to reach a resolution within the limited time allotted for this trial. The parties should come prepared to discuss, in detail, the evidence and witnesses they intend to present with respect to each property at issue in this case. The remaining motions in limine will also be addressed.

Despite the informal nature of this letter, it constitutes an order of the Court and should be docketed accordingly.

                                                  Sincerely yours,

                                                  /s/

                                                  Stephanie A. Gallagher
                                                  United States District Judge