**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812
MDD_SAGchambers@mdd.uscourts.gov

July 15, 2025

LETTER ORDER

    Re: Layani v. Ouazana
         Civil Case No. SAG-20-420

Dear Counsel:

As the parties prepare for the quickly impending trial date in this long-enduring real estate dispute, three issues regarding the presentation of evidence at trial remain pending.

### I.  Motion in Limine to Exclude Expert Witness (ECF 282)

First, Defendants seek to exclude Plaintiffs' expert, Jeff Goldshine, because they allege he was not properly disclosed under Federal Rule of Civil Procedure 26 and his testimony is not admissible under Federal Rule of Evidence 702. Plaintiffs designated Mr. Goldshine as an expert in support of their motion for class certification. *See* ECF 282 at 1. Plaintiffs did not disclose him again at the substantive expert deadline, although their initial expert disclosure did not indicate that his testimony was limited to class certification. The disclosure stated the following: "Mr. Goldshine may be called to testify regarding the evaluation, development and effectuation of rental property investments and the industry standards applicable to property managers, and as to any other subjects or opinions referenced in his report and/or subsequent modifications and supplementations, and his deposition testimony, including reasonable inferences arising therefrom." ECF 282-1 at 2.

Mr. Goldshine's report is just over half a page long, and concludes (only) that "the defendants do not keep receipts for the expenses made in the course of their management of properties entrusted to them, and provide only excel worksheets to the owners of the properties they manage, it is our opinion that this level of recordkeeping falls short of the standards applicable to this industry and would not permit defendants to provide a true and complete accounting of their management to the owners of properties being managed by defendants." ECF 282-1 at 10.

FRCP 26(a)(2)(B) requires an expert disclosure to include a report containing (1) "a complete statement of all opinions the witness will express and the basis and reasons for them;" (2) "the facts or data considered by the witness in forming them;" (3) any exhibits that will be used to summarize or support them;" (4) the witness's qualifications, including a list of all publications authored in the previous 10 years;" (5) " a list of all other cases in which…the witness testified as an expert…;" and (6) "a statement of the compensation to be paid for the study and testimony in the case." Mr. Goldshine's report does not include the basis or reasons for his opinion. Although

Mr. Goldshine has substantial experience in commercial real estate, he does not provide what professional standards he believes Defendants failed to meet. The threadbare report is lacking in context and explanation for its sole conclusion. It also does not include a statement of compensation as required by Rule 26. Accordingly, this Court agrees with Defendants that this expert must be excluded for Plaintiffs' failure to satisfy the requirements of Rule 26.[1]

In addition, Rule 702 only permits expert testimony where (1) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "the testimony is based on sufficient facts or data;" (3) the testimony is the product of reliable principles and methods; and" (4) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Mr. Goldshine's report, while related to his expertise, does not form conclusions based on specialized knowledge, and to the extent it does, it does not disclose the bases. A juror could also assess without an expert whether a property manager's failure to maintain receipts was unreasonable.

The motion in limine at ECF 282 is GRANTED and Mr. Goldshine will not be permitted to testify as an expert at trial.

## II. Motion to Exclude Fact Witnesses (ECF 283)

Defendants next seek to exclude the testimony of six witnesses they represent were previously undisclosed: Julien Layani, Kfir Ziv, Jeremy Cicurel, Dov Karniel, Doron Natiga, and Mikhael Benshimon. ECF 283. In response, Plaintiffs provided their initial disclosures, which listed Layani, Natiga, Karniel, and Ziv. ECF 294-1; ECF 304–2 (email transmitting disclosures). Plaintiffs clarified that the other two witnesses, Cicurel and Benshimon, are rebuttal witnesses whom they only disclosed in their pretrial order out of an abundance of caution. ECF 294. None of the witnesses are listed as persons with knowledge of the case in Plaintiffs' interrogatory responses. ECF 283-1.

Defendants claim they never received Plaintiffs' initial disclosures, and that this Court should not consider them. ECF 299. The office manager at defense counsel's law firm attested that she had reviewed the firm's files and her email, and she had been unable to find Plaintiffs' initial disclosures. ECF 299-3. At the first pretrial conference, the parties clarified the course of events. Plaintiffs' counsel stated that he sent defense counsel Plaintiffs' initial disclosures via email, and defense counsel sent Defendants' initial disclosures a few days later. Defense counsel restated that he and his staff had been unable to find Plaintiffs' initial disclosures in their system.

Ultimately, this Court finds Plaintiffs' counsel to be credible in his representation to the Court that he sent the disclosures to the defense. The parties' well-established pattern of accusing one another of any minor transgression bolsters this Court's assessment that had no initial disclosures been produced, defense counsel would not have allowed years to lapse before raising

---

[1] This Court also notes, although it was not expressly argued by the parties, that Mr. Goldshine was not disclosed as a witness on the general (not class certification) expert disclosure deadline.

it. That view does not—and should not be taken to—reflect any adverse finding as to defense counsel's credibility in representing that his law firm could not find the disclosures. It is possible, and perhaps even likely, that it is true both that Plaintiffs' counsel sent the disclosures and Defendants' counsel cannot currently find them. Because the Court finds the witnesses were disclosed, Federal Rule of Civil Procedure 37(c)(1) is inapposite. As to the two never-disclosed witnesses, this Court agrees with Plaintiffs that the rules do not require disclosure of possible rebuttal witnesses.

Moreover, at least as to Julien Layani, it should come as no surprise to Defendants that he has knowledge of the case and is testifying at trial—he was mentioned throughout the discovery in this case, including in documents cited by Defendants. *See, e.g.*, ECF 245-4 at 30–32.

The motion in limine to exclude the six witnesses, ECF 293, is DENIED.

### III. Correspondence Regarding Unregistered Companies (ECF 308)

Finally, in non-motions correspondence, Defendants raised for the first time that they believe several of the LLC Plaintiffs—namely, Kandy, LLC, 4802 Frankford Ave, LLC, and RDNA Investments, LLC—either were not registered in Maryland at the time this suit was filed or lost their Maryland business registrations during the course of this litigation. ECF 308.

This Court takes judicial notice of records from the Maryland State Department of Assessments and Taxation (MSDAT). *See* Fed. R. Evid. 201. Kandy, LLC filed its articles of organization in 2016 and forfeited its charter in 2024. 4802 Frankford Ave, LLC filed its articles of organization in 2015 and forfeited its charter in 2023. RDNA Investments, LLC registered with MSDAT in 2022 and forfeited its charter in 2023. In other words, no LLC Plaintiff is currently active in Maryland, and one (RDNA Investments) was not yet registered at the time this lawsuit was filed or when it was allegedly harmed.

Plaintiff Yehuda Ragones is the sole member of Kandy, LLC and RDNA Investments, LLC. ECF 42 ¶¶ 13–14. Plaintiffs Yonason and Devora Keyak are the two members of 4802 Frankford Ave, LLC. *Id.* ¶ 18. Some of the contracts for property sales or management were between the LLCs and Defendants.

It is clear under Maryland law that an LLC that has forfeited its charter has no right to file or maintain a lawsuit based on harms alleged to have occurred in Maryland. *See Price v. Upper Chesapeake Health Ventures*, 192 Md. App. 695, 708 (2010); *Olawole v. ActioNet, Inc.*, 258 F. Supp. 3d 694, 702 (E.D. Va. 2017). It is likewise obvious that a legal non-entity—as RDNA Investments, LLC was in Maryland until 2022—cannot file a lawsuit based on harms from business it conducted in Maryland. *See* Md. Code Ann., Corps. & Assocs. § 4A-202 (LLC does not exist until articles of organization are filed).

Plaintiffs strain to argue that Maryland law does not apply here because this case is in federal court. As to the Maryland state law claims, this Court must apply state substantive law. *See*

Layani v. Ouazana
Civil Case No. SAG-20-420
July 15, 2025
Page | 4

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); 28 U.S.C. § 1652.; *Hanna v. Plumer*, 380 U.S. 460 (1965). As to the federal claims, Federal Rule of Civil Procedure 17(b) clarifies that a party's capacity to sue or be sued is determined by state law. *See also Olawole*, 258 F. Supp. 3d at 702.

Plaintiffs represented at hearing that they were in the process of reviving all three LLCs. Because RDNA Investments, LLC was not a registered business at the time of the alleged harms or when this lawsuit was filed, reviving its charter would not render it a proper Plaintiff. *See Hill Const. v. Sunrise Beach, LLC*, 180 Md. App. 626, 636–37 (2008); *A Guy Named Moe, LLC v. Chipotle Mex. Grill of Colo.*, Md. App. 240, 252 (2015). Plaintiffs will not be permitted to bring claims on behalf of RDNA Investments, LLC.[2] As to the other LLCs, however, if Plaintiffs successfully revive them before trial, they will regain their rights to sue and be sued. *See* Md. Code Ann., Corps. & Assocs. § 3-512. Should Plaintiffs fail to revive Kandy, LLC, and 4802 Frankford Ave, LLC before trial, this Court will entertain this issue again.

Despite the informal nature of this letter, it is an Order of the Court and should be docketed accordingly. A separate order will dismiss the claims brought by RDNA Investments, LLC.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge

---

[2] Plaintiffs' counsel should be prepared to advise the Court, at or before the next pretrial conference, whether any of the properties at issue will be eliminated from evidence at trial if RDNA Investments, LLC is not a Plaintiff.