IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**GERARD LAYANI, et al**            *

     v.                              *    CIVIL CASE NO. SAG-20-0420

**ISAAC OUAZANA, et al**

*********

## ORDER

This Court has reviewed Defendants' Motion for Reconsideration of this Court's August 18, 2025 Order, which itself had granted a motion for reconsideration. ECF 332. Motions for reconsideration are to be used "sparingly" and are not an opportunity to re-litigate already decided issues or to raise arguments that could have been raised in the initial briefing. *See JTH Tax, Inc. v. Aime,* 984 F.3d 284 (4th Cir. 2021). Defendants offer no reason why the arguments they now raise were not mentioned in their briefing two weeks ago. Moreover, the instant motion has been filed belatedly, when it will be impossible to allow full briefing and disposition before the trial starts next Tuesday. For these reasons, Defendants' Motion, ECF 332, is DENIED.

Additionally, this Court has considered the correspondence from Plaintiffs' counsel relating to the disclosures they made in discovery about potential testimony from Philippe Lerner pertaining to damages calculations for the three Keyak Plaintiffs. ECF 322 at 4-6. Plaintiffs concede that they did not identify Mr. Lerner as a person with knowledge of the case in their interrogatory responses and did not produce any discovery regarding any actual damages calculations, other than three cashier's checks from a company called "PL Holdings, LLC." *Id.* The one witness apparently deposed about PL Holdings, LLC, Yosef Keyak, could not remember

1

that LLC or provide any details about it. *Id.* at 5.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) states that "a party must, without awaiting a discovery request," disclose to other parties "a computation of each category of damages claimed," and must make available any and all documentation supporting those calculations. Further, Rule 26(e) imposes a duty on the parties to supplement previous discovery disclosures if new information arises that renders the previous disclosure "incomplete or incorrect."

Rule 37(c)(1) specifically addresses the appropriate sanction should a party fail to disclose required information. The Rule states that if a party fails to make a disclosure required by Rule 26(a), then "the party is not allowed to use that information ... at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit, citing Rule 37's advisory committee notes, characterize the sanction prescribed as an "automatic sanction," one that "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003).

Before imposing this "automatic sanction," the Court must find that the failure to disclose was neither "substantially justified" nor "harmless." See R. 37(c)(1). In making this determination, the Fourth Circuit instructs courts to utilize a five-factor test:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Southern States*, 318 F.3d at 597. While Rule 37(c)(1) is characterized as an "automatic sanction," ultimately, the imposition of sanctions rests in this Court's discretion. *E.g., United States v. Hastings*, 126 F.3d 310, 316 (4th Cir. 1997).

Here, it is fair to say that Defendants were on general notice that Mr. Lerner provided bookkeeping services for some of the Plaintiffs and found what he deemed to be irregularities in Defendants' business practices. But Plaintiffs did not provide sufficiently specific information during discovery about the role Mr. Lerner played with respect to the Keyaks' properties, or any damages calculations he made, to allow him to provide testimony about damages at the trial in this case. Plaintiffs offer no explanation for their failure to disclose the evidence about Mr. Lerner's calculations or services and, even to date, have not provided details about what the evidence would be.

At this point, days before trial, Defendants would be surprised by Mr. Lerner's damages evidence and there is no ability to adequately cure the surprise. Until the pretrial conference in this case, Defendants (and this Court) reasonably expected that the damages evidence would consist of testimony from the Keyak Plaintiffs themselves (who sat for deposition during discovery). Mr. Lerner cannot serve as a last-minute substitution for such evidence when Plaintiffs failed to meet their basic discovery obligations. Accordingly, Mr. Lerner will not be permitted to provide testimony regarding damages suffered by the Keyak Plaintiffs. Other determinations regarding the permitted scope of Mr. Lerner's trial testimony will be made by the presiding judge at trial.

August 26, 2025

/s/
Stephanie A. Gallagher
United States District Judge