IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YEHUDA RAGONES, et al. | : | |
| v. | : | Civil Action No. DKC 20-420 |
| BENJAMIN S. OUAZANA, et al. | : | |

**MEMORANDUM OPINION**

Presently pending are submissions by Plaintiffs and Defendants regarding whether claims asserted by Plaintiff Kandy, LLC ("Kandy") and contained in the second amended complaint should relate back to the original complaint for statute of limitations purposes. (ECF Nos. 431; 435). The claims asserted by Kandy, LLC are found to relate back to the first amended complaint.

Pertinent here, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed.R.Civ.P. 15(c)(1)(B); *see State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic*, No. 18-cv-1279-CBB, 2023 WL 6290927, at *5 (D.Md. Sep. 27, 2023) (suggesting that relation back may be satisfied where "the amended complaint merely added greater detail to the same claims alleged in the original complaint.").

The United States Court of Appeals for the Fourth Circuit has developed a two-prong test for determining whether an amendment relates back:

> First, to relate back there must be a factual nexus between the amendment and the original complaint. *See, e.g.*, *Griggs v. Farmer*, 430 F.2d 638 (4th Cir.1970), *aff'g per curiam* 314 F.Supp. 1185 (E.D.Va.1969); *Wall v. Chesapeake & O. Ry.*, 339 F.2d 434 (4th Cir. 1964). Second, if there is some factual nexus an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606 (4th Cir. 1980), *cert. dis.* 448 U.S. 911, 101 [] (1980).

*Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984); *see Xerox Fin. Servs., LLC v. JP1 Enters., Inc.*, No. 23-cv-3493-DRM, 2026 WL 2235363, at *6 (D.Md. Aug. 4, 2026) (selected for publication). Furthermore, relation back is proper when the amended complaint

> [“]amplifies the existing allegations or makes the existing allegations more definite and precise” by “present[ing] additional facts.” [Steven S. Gensler, *Federal Rules of Civil Procedure: Rules & Commentary* Rule 15 (2022)]. Relation back also is proper even if the amendment presents a “new claim [that] involve[s] different sources of proof” or “new legal theories,” as long as “the core facts are the same.” *Id.* In contrast, relation back is not proper if the amendment presents

> "new claims [that] arise from an entirely different event or set of facts." *Id.*

*Mbanusi v. Liberty Mut. Ins. Co.*, No. 23-cv-777-DLB, 2025 WL 1311686, at *2 (D.Md. May 6, 2025) (alterations in original).

Plaintiffs argue that Kandy's Edgewood-related reporting and rent-remittance claims should be deemed to relate back to the original complaint, or at least to the first amended complaint. Defendants assert that Kandy's claims do not relate back to either the original complaint or the first amended complaint. Furthermore, Defendants argue that relation back to even the first amended complaint is improper because "[w]ithout allegations connecting Kandy to Edgewood and connecting Defendants' asserted reporting and rent-remittance duties to Kandy, the earlier pleadings did not disclose which entity held the asserted rights, which property generated the relevant information or rents, what obligation Defendants allegedly owed that entity, or what loss the entity sustained." (ECF No. 435, at 7-8). Still, if there is even "some" factual nexus, the Fourth Circuit instructs that an amended claim is to be construed "liberally" to relate back. *Grattan*, 710 F.2d at 163.

Under this principle, there is not a sufficient factual nexus between the original complaint and Kandy's claims regarding 4048

Edgewood Road set out in the second amended complaint. In the original complaint, Kandy was not a named plaintiff, nor was the 4048 Edgewood Road property specifically mentioned in the body of the complaint. Plaintiffs contend that a general allegation in the original complaint established a sufficient factual nexus and notice to Defendants. That allegation reads, "These properties however are not the only ones implicated in Defendants' fraud, and are cited in this complaint to illustrate, without being all inclusive, the breadth of Defendants' massive fraud." (ECF No. 431, at 2 (quoting ECF No. 1 ¶ 270)). This argument is not persuasive. This general statement does not provide a sufficient factual nexus for Kandy's Edgewood-related claims in the second amended complaint. Therefore, Kandy's claims in the second amended complaint do not relate back to the original complaint.

There is, however, "some" factual nexus between the first amended complaint and Kandy's claims in the second amended complaint. Although causes of action diverge, the factual allegations specific to Kandy appear to be the same in both complaints. (*See* ECF Nos. 42 ¶¶ 297-328; 59 ¶¶ 297-328). Even if Kandy's claims in the second amended complaint are entirely new claims, relation back has been permitted where there is a close factual nexus between new claims and claims in the original

complaint. *Bradley v. Veterinary Orthopedic Sports Med. Grp.*, No. 19-cv-2662-DKC, 2022 WL 703916, at *8 (D.Md. Mar. 9, 2022) (permitting relation back for new claims of fraud, breach of contract, and unjust enrichment because they were "grounded in entirely the same events" alleged in the original complaint). Contrary to Defendants' assertions, the first amended complaint put them on notice of Kandy's later-added claims, as they appear to be "part of the same 'ultimate wrong' that led the plaintiff to bring his suit." *Brightwell v. Hershberger*, No. 11-cv-3278-DKC, 2016 WL 4537766, at *5 (D.Md. Aug. 31, 2016) (quoting *Grattan*, 710 F.2d at 163). Because they were on notice, Defendants were not prejudiced. Accordingly, Kandy's claims in the second amended complaint relate back to the first amended complaint.

Both Kandy and the property located at 4048 Edgewood Road were first mentioned in a version of the first amended complaint that was filed on April 2, 2021, even though a corrected version of the first amended complaint was filed on April 5, 2021. For statute of limitations purposes, the April 2, 2021, date will be used.

October 29, 2026

/s/
DEBORAH K. CHASANOW
United States District Judge